IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**TODD ANDREW BRATTAIN,**

    **Movant,**

v.                                                        Case No. 2:16-cv-05667
                                                           Case No. 2:07-cr-00093

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Movant's Emergency Motion under 28 U.S.C. § 2255, (ECF No. 54), and Movant's Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41. (ECF No. 61). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** Petitioner's Emergency Motion under 28 U.S.C. § 2255 and remove this case from the docket of the Court.

**I.**     **Relevant Procedural History**

On August 28, 2007, Movant, Todd Andrew Brattain ("Brattain"), was convicted in this Court of one count of using a firearm in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). (ECF No. 54 at 1). The alleged underlying crime of violence was bank

1

robbery. On January 2, 2008, Brattain was sentenced to one hundred and ninety months of imprisonment, including seventy months as to each of three robbery convictions, all to run concurrently, and an additional one hundred and twenty months for carrying a short-barreled rifle during a crime, to run consecutively to the robbery sentences. (ECF No. 30). Brattain appealed the sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). The Fourth Circuit affirmed the sentence on October 16, 2008. (ECF No, 46).

On June 15, 2016, the Court appointed the Federal Public Defender to represent Brattain and to determine if he qualified for federal habeas relief in light of *Johnson v. United States,* 135 S. Ct. 2551 (2015). (ECF No. 52). On June 23, 2016, Brattain, through counsel, filed the instant Emergency Motion to Correct Sentence under 28 U.S.C. § 2255. (ECF No. 54). Brattain argued that, in *Johnson,* the United States Supreme Court examined the definition of a "crime of violence" contained in the Armed Career Criminal Act and found a portion of the definition, commonly referred to as the "residual clause," to be unconstitutionally vague. Consequently, defendants sentenced under the residual clause were entitled to resentencing. (*Id.*). Brattain contended that his sentence was calculated using a residual clause that was indistinguishable from the clause found unconstitutional in *Johnson*; therefore, he was entitled to have his sentence vacated and a corrected sentence entered.

On September 12, 2016, the United States filed a response to Brattain's motion, asking the Court to dismiss the motion for lack of merit. (ECF No. 59). The United States pointed out, *inter alia*, that Brattain's underlying "crime of violence" was bank robbery, a crime which the Fourth Circuit had unquestionably determined was a crime of violence under the "force clause" of the Armed Career Criminal Act's definition of "crime of

violence." See *United States v. McNeal,* 818 F.3d.141 (4th Cir. 2016). As such, the Supreme Court's treatment of the residual clause in *Johnson* was inapposite to Brattain's sentence. Given that this district court is bound by the Fourth Circuit's ruling in *McNeal,* the United States argued that Brattain failed to carry his burden to sustain a *Johnson*-based challenge to his sentence. (*Id.*).

On November 8, 2016, Brattain filed a reply memorandum to the United States' response. (ECF No. 60). In the reply, Brattain noted that the Supreme Court had refused a petition for a writ of certiorari in the *McNeal* case. Consequently, Brattain reluctantly conceded that the Fourth Circuit's decision in *McNeal* was now controlling law. Brattain further conceded that his Emergency Motion under 28 U.S.C. § 2255 was, therefore, moot. Brattain followed-up his reply with a Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41. (ECF No. 61).

## II. Discussion

Fed. R. Civ. P. 41 (a)(2) allows the Court to dismiss an action upon a party's request under terms the Court deems proper. Here, in Brattain's reply memorandum, and by filing a notice of voluntary dismissal, he acknowledges that recent circumstances have rendered his petition moot. The undersigned **FINDS** this reason to provide a legitimate basis upon which to dismiss the petition.

Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** Petitioner's Emergency Motion under 28 U.S.C. § 2255, (ECF No. 54), and remove this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if mailed) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** January 18, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge